# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| SUSANNA GRIMALDO, | |
| *Plaintiff*, | No. 20 CV 7775 |
| v. | Judge Lindsay C. Jenkins |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES and DENISE BLUMENTHAL, | |
| *Defendants* | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Susanna Grimaldo ("Plaintiff") brings this *pro se* employment discrimination suit against her employer, the Illinois Department of Human Services ("IDHS"), and her former supervisor, Denise Blumenthal ("Blumenthal"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1983. Currently before the Court is IDHS's motion to dismiss Plaintiff's complaint for failure to state a claim [Dkt 17]. For the following reasons, with regard to IDHS, the motion is granted in part and denied in part. The motion is denied as to Plaintiff's claims against IDHS for discrimination on the basis of national origin and race in violation of Title VII. The motion is granted as to Plaintiff's Title VII claim for discrimination on the basis of color and as to Plaintiff's § 1983 claim.

## I.    Background

The following facts are taken from the complaint [Dkt. 8] and assumed to be true for purposes of IDHS's motion to dismiss. Plaintiff, who is Mexican-American, has worked for the state of Illinois since 2011. [Dkt. 8 at 12]. In 2018, she was working for IDHS Public Aid as a Human Service Caseworker. She was also part of a state career mobility program called "Upward Mobility," which is designed to allow state employees to advance to more challenging, higher paying positions. [*See id*. at 11; *see also* Dkt. 13 at 2].

In 2018, Plaintiff received a promotion to Social Worker II and was assigned to Chicago Read Mental Health Center, where she worked from June through October 2018. Plaintiff's supervisor was Defendant Blumenthal. The complaint alleges that Plaintiff "worked under intimidation," [Dkt. 8 at 4],and was not given a chance to learn her new job, *id*. at 16. For example, when Plaintiff arrived to work at 8:00 a.m., Blumenthal would be in her office going through her drafts and notes and would tell her that the job was not for her. *Id*. Plaintiff also alleges that her manager "turned other workers against me." *Id*. On one occasion, Blumenthal required Plaintiff to go home because she was coughing and would not let her return until she had a doctor's note. [Dkt. 8 at 8-9].

On October 1, 2018, Plaintiff was demoted to her prior job as an IDHS human service caseworker. Plaintiff believes she was treated in this manner because she is Mexican American. *Id*. The complaint also alleges more broadly that Mexican American and Spanish speaking employees and patients do not receive fair treatment

2

at Chicago Read. *Id*. According to Plaintiff, although two-thirds of the hospital's patients speak Spanish, the hospital never had a Spanish-speaking Social Worker II, a Spanish-speaking substance abuse counselor, or a Spanish-speaking CEO until Plaintiff complained of discrimination. *Id*. at 9-10.

On October 16, 2018, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). The complaint was assigned number 2019 CA 0575. [*See* Dkt. 8 at 14]. Blumenthal was notified of Plaintiff's charge. Plaintiff attaches a copy of the first page of the investigation report from this charge to her response to Defendants' motion to dismiss. [*See* Dkt. 20 at 22]. The investigation report shows that Plaintiff complained of harassment and demotion based on national origin, Mexico, and ancestry, Hispanic. *Id*. According to the complaint, the EEOC issued a notice of right to sue to Plaintiff on October 1, 2020. [Dkt. 8 at 3]. Plaintiff filed this case in February 2021. [Dkt. 8]

Plaintiff subsequently filed at least three other charges against IDHS. The first is charge 2020CF2971, which concerns retaliation in November 2019. [Dkt. 1]. Another is charge 22M0915.01, for discrimination in March 2021 based on national origin, ancestry, and retaliation, which Plaintiff attached to her response to the motion to dismiss [Dkt 20 at 10]. The third is charge 22CN0955, for discrimination from March to September 2021 based on national origin, ancestry, and retaliation, also attached to her response to the motion to dismiss. *Id*. at 19.

Plaintiff's form complaint in this case checks the boxes indicating that Defendants discriminated against her because of her color, national origin, and race, in violation of Title VII and 42 U.S.C. § 1983. [Dkt. 8 at 3-4].

## II.  Legal Standard

IDHS moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court "accept[s] all well-pleaded facts as true and draw all reasonable inferences in plaintiff's favor." *Id.* at 600 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). In addition, because Plaintiff is proceeding *pro se*, her complaint will be construed "generously," *United States v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021), and reviewed "by substance, not label," *United States v. Sutton*, 962 F.3d 979, 984 (7th Cir. 2020).

This case involves claims of employment discrimination. The pleading requirement for such claims "is minimal." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 Fed. Appx. 826, 828 (7th Cir. 2017). Typically, "[a] plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Id.*; see also *Tate v. SCR*

4

*Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *Tamayo*, 526 F.3d at 1084–85.

## III.   Analysis

### A.   Section 1983

"As a state agency," IDHS "is an arm of the state, 20 ILCS 5/5-15, and states are not suable 'persons' under 42 U.S.C. § 1983." *Phillips v. Baxter*, 768 Fed. Appx. 555, 560 (7th Cir. 2019) (citing *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017)); *see also Thiele v. Board of Trustees of Illinois State University*, 35 F.4th 1064, 1066 (7th Cir. 2022); *Endres v. Indiana State Police*, 349 F.3d 922, 927 (7th Cir. 2003); *Williamson v. Indiana University*, 345 F.3d 459, 463 (7th Cir. 2003). Therefore, IDHS's motion to dismiss Plaintiff's § 1983 claim is granted.

### B.   Title VII

"To state a claim for discrimination under Title VII, a plaintiff must only allege that his employer instituted an adverse employment action against him on the basis of his protected status." *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367–68 (7th Cir. 2019). Plaintiff satisfies that minimal requirement by alleging that Defendants demoted her and removed her from the Social Worker II position because of her national origin, Mexico, and "race," Hispanic. "The Seventh Circuit has identified 'Hispanic' as a race with respect to discrimination claims under Title VII and § 1981." *See Lugo v. Int'l Brotherhood of Electrical Workers Local #134*, 175 F. Supp. 3d 1026, 1030 n.2 (N.D. Ill. 2016) (citing *Nelson v. Realty Consulting Servs., Inc.*, 431 Fed. Appx. 502, 506 (7th Cir. 2011)).

5

IDHS argues that Plaintiff's Title VII claim must nonetheless be dismissed because the complaint and other exhibits filed by Plaintiff demonstrate that she failed to exhaust her administrative remedies by first filing a charge with the EEOC (or its state equivalent, the IDHR). A plaintiff may not bring a claim for discrimination under Title VII in federal court without first filing a charge with the EEOC. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). In turn, the claims alleged in the plaintiff's complaint must be "like or reasonably related to the EEOC charges" and "reasonably ... expected to grow out of an EEOC investigation of the charge." *Peters v. Renaissance Hotel Operating Co.,* 307 F.3d 535, 550 (7th Cir. 2002) (quoting *Harper v. Godfrey Co.,* 45 F.3d 143, 148 (7th Cir. 1995)). Claims are deemed reasonably related if there is a factual relationship between them. *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir. 1994). "This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals.*" *Id.* (emphasis in original). The purpose of this rule is to "afford[ ] the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion ... and [give] the employer some warning of the conduct about which the employee is aggrieved." *Id.* (citation omitted). "Failure to exhaust administrative remedies is an affirmative defense," on which IDHS bears the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008) (citing C*onyers v. Abitz*, 416 F.3d 580, 584 (7th Cir.2005).

According to IDHS, Plaintiff failed to exhaust her claims for discrimination based on national origin, race, and color because "Plaintiff's IDHR charge only

6

includes an allegation of retaliation." [Dkt. 17 at 2]. In support, IDHS cites to the charge that Plaintiff filed as the first entry on the docket: charge 2020CF2971 from November 2019 [Dkt. 1]. The first page of that charge indicates that it generally concerns "retaliation" in November 2019, but the following page, which is supposed to include the details of the charge, is missing. IDHS concludes that retaliation is "not like or reasonably related to [Plaintiff's] claims for color, national origin, and race discrimination," and therefore Plaintiff failed to administratively exhaust her claims. [Dkt. 17 at 2].

In response to the motion to dismiss, Plaintiff provides various documents to support her position that she exhausted her administrative remedies, including investigation reports and documents from the various charges she filed against IDHS. In its reply brief, IDHS suggests that all Plaintiff has provided is information from charge 22CN0955, dated March 19, 2022 for discrimination from March to September 2021, which is based on conduct that post-dates the complaint filed in this case. IDHS argues this information cannot be used to show that she exhausted her claims for discrimination alleged in 2018. [Dkt. 22 at 3].

The Court's review of the documentation Plaintiff included in her response to the motion to dismiss reveals that in 2018, Plaintiff did complain of national origin and race discrimination based on Blumenthal's treatment. [*See* Dkt. 20 at 22]. Specifically, Plaintiff's documentation concerning charge 2019 CA 0575, which she filed on October 16, 2018, includes an IDHR "Investigation Report" that lists several alleged violations including harassment and demotion due to "National Origin,

7

Mexico" and "Ancestry, Hispanic." *Id*. This is sufficient to establish that Plaintiff raised discrimination on the basis of national origin and race when she filed that charge in October 2018. As a result, the Court cannot conclude that Plaintiff failed to exhaust this claim.

This leaves Plaintiff's claim for discrimination based on color. *See Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008) (Title VII "forbids discrimination on the basis of 'color' as well as on the basis of 'race'"). The Court's review of the allegations in the complaint and from the documentation Plaintiff has provided in response to the motion to dismiss reveal that she never complained about mistreatment due to her color as opposed to her status as a Mexican American. The Court, therefore, dismisses the Title VII claim to the extent it is based on color.

## IV.   Conclusion

IDHS's motion to dismiss, [17], is granted in part and denied in part.  The following claims are dismissed: Plaintiff's Title VII claim against IDHS for discrimination on the basis of color; and Plaintiff's § 1983 claim. The following claim against IDHS survives and IDHS shall answer the Complaint by or before April 5, 2023: Plaintiff's claims against IDHS for discrimination on the basis of national origin and race in violation of Title VII.

The pending Motion to Dismiss does not address the Title VII claim against the individual Defendant, Denis Blumenthal. It does not appear that Blumenthal has been served or entered an appearance in the case, nor does Blumenthal, as an individual, appear to be an appropriate defendant for a Title VII claim. *Robertson v.*

8

*Dept. of Health Servs.*, 949 F.3d 371, 374 (7th Cir. 2020) ("Title VII authorizes suit only against an employer as an entity, not against individuals.").

* * * *

The Clerk of Court is directed to send a copy of this order to Plaintiff at the mailing address listed on the docket, as Plaintiff reports to the Court that she does not have ECF access.

The parties shall file an initial status report using the initial status report form found on the court's webpage on or before April 12, 2023. The report should propose a discovery schedule and should address the status of Defendant Blumenthal.

Plaintiff is reminded that *pro se* parties can call the Clerk's Office at (312) 435-5691 to make an appointment with the *pro se* help desk. In addition, *pro se* parties can also contact the Hibbler Help Desk by email at hibbler@legalaidchicago.com to request an appointment.

Enter: 20-cv-7775

Date:  March 22, 2023

_____

Lindsay C. Jenkins
United States District Judge

9